**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 03-673** |
| | : | |
| **v.** | : | |
| | : | |
| **KENNETH MOORE** | : | |

## MEMORANDUM

**Savage, J.**                                                    **March 8, 2023**

Kenneth Moore has moved for early termination of his six-year term of supervised release.   He cites his perfect disciplinary record during his 16 years in prison and his full compliance while on supervision for 34 months.   The government opposes the motion. It argues that supervision should not be terminated because the defendant waived his right to relief in his plea agreement, he has not shown that he will be harmed by serving his full term, and the supervised release term was necessary and appropriate.

Initially, we address the government's waiver argument. As part of his plea agreement, Moore specifically waived his right to file a direct appeal and a collateral attack under 28 U.S.C. § 2255.

The waiver provision in the plea agreement provides:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant . . . waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.
> 7/27/04 Guilty Plea Agreement.

Nothing in the plea agreement foreclosed Moore from moving for early termination of supervised release.   He did waive his rights to file an appeal or a motion collaterally

attacking his sentence.   His motion is not an attack upon his sentence.   He acknowledges the sentence.   His motion is not an appeal of his sentence, nor a request for reversal or vacation of the sentence.

The agreement specifically identifies three statutory grounds for challenging the conviction or sentence.   A motion under 18 U.S.C. § 3583(e) is not one of them.   The government relies on the undefined catchall "any other provision of law" language.   Yet, it points to nothing in the guilty plea colloquy to show that Moore knowingly understood and willingly gave up his right to file for early termination of supervised release under § 3583(e).   Thus, we consider the motion on the merits.

A court may, in its discretion, terminate a term of supervised release after one year "if termination is warranted by the defendant's conduct and is in the interest of justice." 18 U.S.C. § 3583(e).   Before doing so, the court must consider the sentencing factors set forth in § 3553(a).   Despite the statutory mandate that a court consider all § 3553(a) factors, the Third Circuit Court of Appeals has held that the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment is not relevant to the consideration of early termination of supervised release.   *United States v. Murray*, 692 F.3d 273 (3d Cir. 2012).

Supervised release is not intended to be a form of punishment.   It is meant to assist the defendant integrating into the community.   It is a form of rehabilitation.   *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021); *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012).

When a court imposes a term of supervised release, it can only predict how the

defendant will respond to the rehabilitative process.   It does not have the benefit of a track record while under supervision.   After a period of imprisonment and supervision, the defendant's conduct provides insight the sentencing court did not have when the sentence was imposed.   A motion to terminate supervised release supplies a mechanism to reevaluate the efficacy of the rehabilitative process and the need for continuing supervision.

Moore's conduct is remarkable.   He deserves recognition for his successful rehabilitation.   His rehabilitation started years before he began his term of supervised release.   While in prison, Moore took a multitude of classes and participated in innumerable programs earning certifications and awards.   For example, he received his GED and a welding and construction certificate.     He excelled in a cooking course, rising to the position of head cook in the prison kitchen.   He left prison after sixteen years with a perfect disciplinary record – not even a minor infraction – a record we rarely see.

On supervised release, he has been fully compliant with all conditions.   He has been steadily employed. He holds a managerial position.   He has satisfied all financial obligations.   He has maintained a stable residence.   As a testament to his successful rehabilitation and reintegration into the community, Moore's probation officer does not oppose early termination.

Moore has achieved all he can while on supervised release.   He has demonstrated that he is rehabilitated.   He cannot benefit, nor can society, from his remaining on supervised release.

We conclude that the motion is not barred by Moore's plea agreement.   We also

find that consideration of the relevant § 3553(a) factors favor early termination.

Therefore, we shall grant the motion and terminate Moore's supervised release.